IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CYNTHIA FREDA-ANNE
SWEENEY,

      Plaintiff

  v.

EXPERIAN INFORMATION
SOLUTIONS, INC.;
HEALTHCARE REVENUE
RECOVERY GROUP d/b/a ARS
ACCOUNT RESOLUTION
SERVICES; MIDLAND
FUNDING, LLC,

      Defendants
_____/

CASE NO. 6:22-cv-001966-PGB-LHP

## DEFENDANT MIDLAND FUNDING, LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Midland Funding, LLC ("MF") respectfully answers Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. MF denies the allegations in ¶ 1 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

2. MF denies the allegations in ¶ 2 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein and as stated.

1

3. Admitted in part, denied in part. MF admits Plaintiff brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. MF denies violating the FCRA and denies the remaining allegations in ¶ 3 of the Complaint.

4. Admitted in part, denied in part. MF admits Plaintiff brings this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. MF denies violating the FDCPA and denies the remaining allegations in ¶ 4 of the Complaint.

## PARTIES

5. MF denies the allegations in ¶ 5 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

6. MF denies the allegations in ¶ 6 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

7. MF denies the allegations in ¶ 7 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

8. MF denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

9. MF denies the allegations in ¶ 9 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

10. MF denies the allegations in ¶ 10 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

11. MF denies the allegations in ¶ 11 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

12. MF denies the allegations in ¶ 12 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

13. Admitted in part, denied in part. MF admits that it may be served at 13008 Telecom Drive, Suite 350, Temple Terrace, FL 33637. MF denies all other allegations in ¶ 13 of the Complaint.

14. MF denies the allegations in ¶ 14 of the Complaint.

15. MF denies the allegations in ¶ 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. MF incorporates by reference its foregoing responses as though fully restated herein.

### ARS Dispute and Violation

17. MF denies the allegations in ¶ 17 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

18. MF denies the allegations in ¶ 18 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

19. MF denies the allegations in ¶ 19 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

20. MF denies the allegations in ¶ 20 of the Complaint.

21. MF denies the allegations in ¶ 21 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

22. MF denies the allegations in ¶ 22 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

23. MF denies the allegations in ¶ 23 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

24. MF denies the allegations in ¶ 24 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

25. MF denies the allegations in ¶ 25 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

26. MF denies the allegations in ¶ 26 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

27. Admitted in part, denied in part. MF admits only the accuracy of any properly quoted language from the cited case. MF denies all remaining allegations in ¶ 27 of the Complaint.

28. Admitted in part, denied in part. MF admits only the accuracy of any properly quoted language from the FTC Staff Commentary. MF denies all remaining allegations in ¶ 28 of the Complaint.

29. Admitted in part, denied in part. MF admits only the accuracy of any properly quoted language from the cited case. MF denies all remaining allegations in ¶ 29 of the Complaint.

30. MF denies the allegations in ¶ 30 of the Complaint.

31. MF denies the allegations in ¶ 31 of the Complaint.

32. MF denies the allegations in ¶ 32 of the Complaint.

<u>Midland Dispute and Violation</u>

33. MF denies the allegations in ¶ 33 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

34. MF denies the allegations in ¶ 34 of the Complaint.

35. MF denies the allegations in ¶ 35 of the Complaint.

36. MF denies the allegations in ¶ 36 of the Complaint.

37. MF denies the allegations in ¶ 37 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

38. MF denies the allegations in ¶ 38 of the Complaint.

39. MF denies the allegations in ¶ 39 of the Complaint.

40. MF denies the allegations in ¶ 40 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

41. MF denies the allegations in ¶ 41 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

42. MF denies the allegations in ¶ 42 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

43. Admitted in part, denied in part. MF admits only the accuracy of any properly quoted language from the cited case. MF denies all remaining allegations in ¶ 43 of the Complaint.

44. Admitted in part, denied in part. MF admits only the accuracy of any properly quoted language from the FTC Staff Commentary. MF denies all remaining allegations in ¶ 44 of the Complaint.

45. Admitted in part, denied in part. MF admits only the accuracy of any properly quoted language from the cited case. MF denies all remaining allegations in ¶ 45 of the Complaint.

46. MF denies the allegations in ¶ 46 of the Complaint.

47. MF denies the allegations in ¶ 47 of the Complaint.

48. MF denies the allegations in ¶ 48 of the Complaint.

## FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to Experian)**

49. MF incorporates its foregoing responses as if fully restated herein.

50. MF admits that Plaintiff purports to bring a claim against Experian for an alleged willful violation of 15 U.S.C. § 1681, *et seq*.

51. MF denies the allegations in ¶ 51 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

52. MF denies the allegations in ¶ 52 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

53. MF denies the allegations in ¶ 53 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

54. MF denies the allegations in ¶ 54 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein and as calling for a legal conclusion.

55. MF denies the allegations in ¶ 55 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Experian)**

56. MF incorporates its foregoing responses as if fully restated herein.

57. MF admits that Plaintiff purports to bring a claim against Experian for an alleged negligent violation of 15 U.S.C. § 1681, *et seq*.

58. MF denies the allegations in ¶ 58 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

59. MF denies the allegations in ¶ 59 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

60. MF denies the allegations in ¶ 60 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

61. MF denies the allegations in ¶ 61 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

62. MF denies the allegations in ¶ 62 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

## THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to ARS)**

63. MF incorporates its foregoing responses as if fully restated herein.

64. MF admits that Plaintiff purports to bring a claim against ARS for an alleged willful violation of 15 U.S.C. § 1681, *et seq*.

65. MF denies the allegations in ¶ 65 of the Complaint.

66. MF denies the allegations in ¶ 66 of the Complaint.

67. MF denies the allegations in ¶ 67 of the Complaint.

68. MF denies the allegations in ¶ 68 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

69. MF denies the allegations in ¶ 69 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

70. MF denies the allegations in ¶ 70 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

71. MF denies the allegations in ¶ 71 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

72. MF denies the allegations in ¶ 72 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

73. MF denies the allegations in ¶ 73 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to ARS)**

74. MF incorporates its foregoing responses as if fully restated herein.

75. MF admits that Plaintiff purports to bring a claim against ARS for an alleged negligent violation of 15 U.S.C. § 1681, *et seq*.

76. MF denies the allegations in ¶ 76 of the Complaint.

77. MF denies the allegations in ¶ 77 of the Complaint.

78. MF denies the allegations in ¶ 78 of the Complaint.

79. MF denies the allegations in ¶ 79 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

80. MF denies the allegations in ¶ 80 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

81. MF denies the allegations in ¶ 81 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

82. MF denies the allegations in ¶ 82 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

83. MF denies the allegations in ¶ 83 of the Complaint as stated and as calling for a legal conclusion.

84. MF denies the allegations in ¶ 84 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

85. MF denies the allegations in ¶ 85 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

86. MF denies the allegations in ¶ 86 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

## FIFTH CAUSE OF ACTION

**(Violation of the FDCPA as to ARS)**

87. MF incorporates its foregoing responses as if fully restated herein.

88. MF denies the allegations in ¶ 88 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

89. MF denies the allegations in ¶ 89 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

90. MF denies the allegations in ¶ 90 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

91. MF denies the allegations in ¶ 91 of the Complaint for lack of knowledge or information sufficient to form a reasonable belief therein.

## SIXTH CAUSE OF ACTION

**(Willful Violation of the FCRA as to Midland)**

92. MF incorporates its foregoing responses as if fully restated herein.

93. MF admits that Plaintiff purports to bring a claim against MF for an alleged willful violation of 15 U.S.C. § 1681, *et seq*. However, MF denies any violations and denies that Plaintiff is entitled to any relief.

94. MF denies the allegations in ¶ 94 of the Complaint.

95. MF denies the allegations in ¶ 95 of the Complaint.

96. MF denies the allegations in ¶ 96 of the Complaint.

97. MF denies the allegations in ¶ 97 of the Complaint.

98. MF denies the allegations in ¶ 98 of the Complaint.

99. MF denies the allegations in ¶ 99 of the Complaint.

100. MF denies the allegations in ¶ 100 of the Complaint.

101. MF denies the allegations in ¶ 101 of the Complaint.

102. MF denies the allegations in ¶ 102 of the Complaint.

MF denies that Plaintiff is entitled to judgment and/or to any of the relief requested in the paragraph beginning with "WHEREFORE."

## SEVENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to MF)

103. MF incorporates its foregoing responses as if fully restated herein.

104. MF admits that Plaintiff purports to bring a claim against MF for an alleged negligent violation of 15 U.S.C. § 1681, *et seq*. However, MF denies any violations and denies that Plaintiff is entitled to any relief.

105. MF denies the allegations in ¶ 105 of the Complaint.

106. MF denies the allegations in ¶ 106 of the Complaint.

107. MF denies the allegations in ¶ 107 of the Complaint.

108. MF denies the allegations in ¶ 108 of the Complaint.

109. MF denies the allegations in ¶ 109 of the Complaint.

110. MF denies the allegations in ¶ 110 of the Complaint.

111. MF denies the allegations in ¶ 111 of the Complaint.

112. MF denies the allegations in ¶ 112 of the Complaint.

113. MF denies the allegations in ¶ 113 of the Complaint.

114. MF denies the allegations in ¶ 114 of the Complaint.

115. MF denies the allegations in ¶ 115 of the Complaint.

MF denies that Plaintiff is entitled to judgment and/or to any of the relief requested in the paragraph beginning with "WHEREFORE."

## EIGHTH CAUSE OF ACTION

### (Violation of the FDCPA as to MF)

115. MF incorporates its foregoing responses as if fully restated herein.

116. MF denies the allegations in ¶ 116 of the Complaint.

117. MF denies the allegations in ¶ 117 of the Complaint.

118. MF denies the allegations in ¶ 118 of the Complaint.

119. MF denies the allegations in ¶ 119 of the Complaint.

120. MF denies the allegations in ¶ 120 of the Complaint.

MF denies that Plaintiff is entitled to judgment and/or to any of the relief requested in the paragraph beginning with "WHEREFORE."

## DEMAND FOR TRIAL BY JURY

121. This section of Plaintiff's Complaint consists of a demand for a jury trial to which no response is required.

## PRAYER FOR RELIEF

MF denies that Plaintiff is entitled to any of the relief requested in the section entitled "Prayer for Relief" and denies that Plaintiff is entitled to any other relief.

## DEMAND FOR JURY TRIAL

MF demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

MF affirmatively asserts the defense of failure to mitigate.

## SECOND AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were, at least in part, caused by actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by MF.

## THIRD AFFIRMATIVE DEFENSE

MF denies that its conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* But in the event a violation is found, such violation was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to preventing such error.

## FOURTH AFFIRMATIVE DEFENSE

MF affirmatively asserts the equitable doctrines of unclean hands.

WHEREFORE, Defendant Midland Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By: /s/ *Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
*Counsel for Defendant Midland Funding, LLC*

Dated: November 21, 2022

## CERTIFICATE OF SERVICE

I certify that on November 21, 2022, a true copy of the foregoing document was served on all counsel of record by electronic service.

                **MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ Lauren M. Burnette*
       LAUREN M. BURNETTE, ESQUIRE
       FL Bar No. 0120079
       JOHN M. MAREES II, ESQUIRE
       FL Bar No. 069879
       MAUREEN WALSH, ESQUIRE
       FL Bar No. 28179
       12276 San Jose Blvd.
       Suite 718
       Jacksonville, FL 32223
       (904) 527-1172
       (904) 683-7353 (fax)
       lburnette@messerstrickler.com
       jmarees@messerstrickler.com
       mwalsh@messerstrickler.com
       *Counsel for Defendant Midland Funding, LLC*

Dated: November 21, 2022