UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-01966-PGB-LHP

CYNTHIA FREDA-ANNE SWEENEY,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., HEALTHCARE
REVENUE RECOVERY GROUP, LLC
d/b/a ARS ACCOUNT RESOLUTION
SERVICES, MIDLAND FUNDING, LLC,

      Defendants.
_____/

## Joint Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 12/22/2022. **Justin Zeig, Esquire for Plaintiff; Ernest H. Kohlmyer, III, Esquire for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services; Monique Eloi, Esquire for Defendant**

**Experian Information Services LLC, and Lauren M. Burnette, Esquire for Defendant Midland Funding, LLC, attended** the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/5/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/20/2023 |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 4/24/2023 |
| Defendant's deadline for disclosing any expert report. | 5/25/2023 |
| Deadline for disclosing any rebuttal expert report. | 6/26/2023 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 7/10/2023 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | NA |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 8/21/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>**Mediator: James Betts**<br>**Address: Musetta & Associates**<br>**201 N. Franklin St. Suite 3400**<br>**Tampa, FL, 33602**<br>**Telephone:(813) 254-3302** | 8/14/2023 |

2

| | |
|---|---|
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/20/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/13/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | If needed, to be set by Court |
| Month and year of the trial term. | 1/8/2024 |

The trial will last approximately 2-3 days and will be

☒ jury.

☐ non-jury.

3. **Description of the Action**

   Plaintiff asserts that Defendants Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("ARS"), and Midland Funding, LLC negligently or willfully violated 15 U.S.C. §1692e(8) of the FDCPA and negligently and willfully violated 15 U.S.C. §1681s2-b of the FCRA during the course of debt collection. Specifically, Plaintiff alleges that ARS and Midland violated 15 U.S.C. §1681s2-b by failing to fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding same, and by failing to correctly report results of accurate investigations to the credit reporting agencies. Plaintiff avers that ARS and Midland continued to report the debts to her credit report after being notified that Plaintiff disputed the accounts and that they failed to continuously mark the debts as disputed. Additionally, Plaintiff alleges that ARS and Midland violated 15 U.S.C. §1681s2-b in that they allegedly failed to conduct investigations in good faith upon receipt of notice of disputes from Experian, that ARS and Midland continued to report the debts to her credit report after being notified that Plaintiff disputed the accounts and failed to continuously mark the debts as disputed.

3

   Further, Plaintiff alleges that ARS and Midland violated 15 U.S.C. §§1692e(2), 1692e(5), 1692e(8), and 1692e(10) by re-reporting the debts to the credit reporting agency and failing to list the debts as "disputed by consumer". ARS denies that it violated the FCRA or the FDCPA, and has asserted affirmative Defenses DE [11]. Likewise, Midland denies that it violated the FCRA or the FDCPA and has asserted Affirmative Defenses DE [10]. Plaintiff alleges that Experian violated the FCRA in connection with Plaintiff's notice of disputes.

**4. Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☒ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: Whether Experian willfully or negligently violated the FCRA; Whether ARS and Midland willfully or negligently violated the FCRA; Whether ARS and Midland received a notice of dispute for the subject debts; Whether ARS and Midland

reported the subject debts to Plaintiff's credit report; Whether ARS and Midland had any knowledge that the debts were inaccurate; Whether the subject debts are deemed inaccurate; Whether ARS or Midland intentionally, willfully, or knowingly violated the FDCPA; If ARS or Midland violated the FDCPA, the frequency and persistence of the violations; If ARS or Midland violated the FDCPA, whether they did so notwithstanding the maintenance of procedures reasonably adapted to avoid such error; Plaintiff's Article III standing under the FDCPA and FCRA, whether Plaintiff's allegations under the FDCPA are immaterial; and Plaintiff's alleged damages and injuries.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

Respectfully submitted,

*/s/ Justin Zeig*
Justin Zeig, Esq.
Florida Bar No. 0012306
justin@zeiglawfirm.com
Zeig Law Firm, LLC
3475 Sheridan St, Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Fax: (954) 272-7807
*Attorneys for Plaintiff*

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 110108
Skohlmyer@shepardfirm.com
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant,* Healthcare *Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*

*/s/ Lauren M. Burnette*
Lauren M. Burnette, Esq.
Florida Bar No.  0120079
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
Messer Strickler Burnette, LTD.
John M. Marees II, Esquire
Florida Bar No.  069879
Maureen B. Walsh, Esquire
Florida Bar No.  28179
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
Telephone: (904) 527-1172
Facsimile: (904) 683-7353
*Attorneys for Defendant Midland Funding, LLC*

/s/ *Monique Eloi*
Monique Eloi,  Esquire
Florida Bar No.  1025828
meloi@jonesday.com
Jones Day
 600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9797
*Attorneys for Defendant, Experian Information Solutions, LLC*

8