## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CYNTHIA FREDA-ANNE SWEENEY,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., HEALTHCARE
REVENUE RECOVERY GROUP
d/b/a/ ARS ACCOUNT RESOLUTION
SERVICES and MIDLAND FUNDING
LLC,

     Defendants.

CASE NO. 6:22-cv-1966-PGB-LHP

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc., ("Experian") by and through its undersigned counsel, and answers Plaintiff Cynthia Freda-Anne Sweeney ("Plaintiff") Complaint ("Complaint") as follows:

## JURISDICTION & VENUE

1.    In response to paragraph 1 of the Complaint, Experian admits that Plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1367 and 15 U.S.C. § 1681 *et seq.* Experian states that this is a legal conclusion that is not subject to denial or admission.

2.    In response to paragraph 2 of the Complaint, Experian admits that Plaintiff alleges that venue is proper in this District because the acts and transactions occurred in this District and Defendants transaction business in this

District.  Insofar as the allegations relate to Experian, Experian states that this is a legal conclusion that is not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff purports to sue Defendants for allegedly violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

4.      In response to paragraph 4 of the Complaint, Experian admits that Plaintiff purports to sue Defendants for allegedly violating the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**PARTIES**

5.      In response to paragraph 5 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian also admits that it is authorized to do business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.  Except as specifically admitted, Experian denies,

generally and specifically, each and every remaining allegation of paragraph 12 of the Complaint.

8.     In response to paragraph 8 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian also admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 8 of the Complaint relating to Experian.

9.     In response to paragraph 9 of the Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 9 of the Complaint relating to Experian.

10.    Paragraph 10 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.    Paragraph 11 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     Paragraph 12 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     Paragraph 13 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     Paragraph 14 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     Paragraph 15 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **FACTUAL ALLEGATIONS**

16.     Experian incorporates its responses to paragraphs 1 through 15 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

## **ARS Dispute and Alleged Violation**

17.     In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18.     Paragraph 18 of the Complaint relates, in part, to the conduct of other Defendants.  Insofar as the allegations relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein.  Insofar as the allegations relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FDCPA. Experian affirmatively states that the FDCPA speaks for itself and, on that basis, denies any allegations of paragraph 20 inconsistent therewith.

21.     In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22.     Paragraph 22 of the Complaint relates, in part, to the conduct of other Defendants.   Insofar as the allegations relate to Experian, Experian admits it received a dispute from Plaintiff on July 19, 2022.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 22 of the Complaint relating to Experian.   Insofar as the allegations relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian admits that Experian forwarded Plaintiff's dispute to Defendant ARS.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008).  Experian affirmatively states that the

case speaks for itself and, on that basis, denies any allegations of paragraph 27 inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA] ("Staff Commentary").  Experian states that the Staff Commentary speaks for itself and, on that basis, denies any allegations of paragraph 28 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Experian admits that the allegations contained therein appear to set forth portions of *Jacques v. Solomon & Solomon P.C.*, 2012 U.S. Dist. LEXIS 118092, ** 11 (D. Del. 2012), *Edeh v. Aargon Collection Agency, LLC*, 2011 U.S. Dist. LEXIS 79160, *10-11 (D. Minn. 2011), *Benson v. Med—Rev Recoveries, Inc. (In re Benson)*, 445 B.R. 445, 449-50 (Bankr. E.D.Pa. 2010), *Kinel v. Sherman Acquisition II LP*, 2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y. 2006) and *Black v. Asset Acceptance, LLC*, 2005 U.S. Dist. LEXIS 43264, *13 (N.D. Ga. 2005). Experian affirmatively states that the cases speak for themselves and, on that basis, denies any allegations of paragraph 29 inconsistent therewith.  Except as specifically admitted, Experian denies, generally

and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint relates wholly to the conduct of another Defendant.  To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     Paragraph 31 of the Complaint relates, in part, to the conduct of other Defendants.  Insofar as the allegations relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein.  Insofar as the allegations relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## Midland Dispute and Alleged Violation

33.     In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34.     Paragraph 34 of the Complaint relates, in part, to the conduct of other Defendants.   Insofar as the allegations relate to Experian, Experian denies, generally and specifically, each and every allegation contained therein.  Insofar as the allegations relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

36.     In response to paragraph 36 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FDCPA. Experian affirmatively states that the FDCPA speaks for itself and, on that basis, denies any allegations of paragraph 36 inconsistent therewith.

37.     In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

38.     Paragraph 38 of the Complaint relates, in part, to the conduct of other Defendants.   Insofar as the allegations relate to Experian, Experian admits it received a dispute from Plaintiff on July 19, 2022.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 38 of the Complaint relating to Experian.  Insofar as the allegations relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and,

on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Complaint, Experian admits that Experian forwarded Plaintiff's dispute to Defendant Midland.   Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Complaint.

40.     In response to paragraph 40 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

43.     In response to paragraph 43 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008).  Experian affirmatively states that the case speaks for itself and, on that basis, denies any allegations of paragraph 43 inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Complaint.

44.     In response to paragraph 44 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the Staff Commentary.  Experian states that the Staff Commentary speaks for itself and, on

that basis, denies any allegations of paragraph 44 inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Complaint.

45.     In response to paragraph 45 of the Complaint, Experian admits that the allegations contained therein appear to set forth portions of *Jacques v. Solomon & Solomon P.C.*, 2012 U.S. Dist. LEXIS 118092, ** 11 (D. Del. 2012), *Edeh v. Aargon Collection Agency, LLC*, 2011 U.S. Dist. LEXIS 79160, *10-11 (D. Minn. 2011), *Benson v. Med—Rev Recoveries, Inc. (In re Benson)*, 445 B.R. 445, 449-50 (Bankr. E.D.Pa. 2010), *Kinel v. Sherman Acquisition II LP*, 2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y. 2006) and *Black v. Asset Acceptance, LLC*, 2005 U.S. Dist. LEXIS 43264, *13 (N.D. Ga. 2005). Experian affirmatively states that the cases speak for themselves and, on that basis, denies any allegations of paragraph 29 inconsistent therewith.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint relates wholly to the conduct of another Defendant.  To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47.     Paragraph 47 of the Complaint relates, in part, to the conduct of other Defendants.   Insofar as the allegations relate to Experian, Experian denies,

generally and specifically, each and every allegation contained therein.  Insofar as the allegations relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.    In response to paragraph 48 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**(Alleged Willful Violation of the FCRA as to Experian)**

49.    Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

50.    In response to paragraph 50 of the Complaint, Experian admits that Plaintiff asserts a cause of action for willfully violating the FCRA, 15 U.S.C. § 1681 *et seq*.  Experian denies it has violated the FCRA.

51.    In response to paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

52.    In response to paragraph 52 of the Complaint, and its subparts, Experian denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 54 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## SECOND CAUSE OF ACTION
### (Alleged Negligent Violation of the FCRA as to Experian)

56.     Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57.     In response to paragraph 57 of the Complaint, Experian admits that Plaintiff asserts a cause of action for negligently violating the FCRA, 15 U.S.C. § 1681 *et seq.*  Experian denies it has violated the FCRA.

58.     In response to paragraph 58 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

59.     In response to paragraph 59 of the Complaint, and its subparts, Experian denies, generally and specifically, each and every allegation contained therein.

60.    In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.    In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

62.    In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## <u>THIRD CAUSE OF ACTION</u>
**(Willful Violation of the FCRA as to ARS)**

63.    Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64.    In response to paragraph 64 of the Complaint, Experian admits that Plaintiff asserts a cause of action for willfully violating the FCRA, 15 U.S.C. § 1681 *et seq.*    Experian states that this cause of action relates wholly to another Defendant.   To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65.    In response to paragraph 65 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA.

Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 65 inconsistent therewith.

66.     In response to paragraph 66 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 66 inconsistent therewith.

67.     In response to paragraph 67 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 67 inconsistent therewith.

68.     Paragraph 68 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

69.     Paragraph 69 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

70.     Paragraph 70 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.    In response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72.    Paragraph 72 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

73.    Paragraph 73 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to ARS)

74.    Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75.     In response to paragraph 75 of the Complaint, Experian admits that Plaintiff asserts a cause of action for negligently violating the FCRA, 15 U.S.C. § 1681 *et seq.*  Experian states that this cause of action relates wholly to another Defendant.  To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76.     In response to paragraph 76 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 76 inconsistent therewith.

77.     In response to paragraph 77 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 77 inconsistent therewith.

78.     In response to paragraph 78 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 78 inconsistent therewith.

79.     Paragraph 79 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

80.     Paragraph 80 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

81.     Paragraph 81 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

82.     Paragraph 82 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

83.     In response to paragraph 83 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 83 inconsistent therewith.

84.     Paragraph 84 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

85.     In response to paragraph 85 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

86.     Paragraph 86 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FIFTH CAUSE OF ACTION
### (Violation of the FDCPA as to ARS)

87.     Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

88.     Paragraph 88 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

89.     In response to paragraph 89 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

90.     Paragraph 90 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91.     In response to paragraph 91 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## SIXTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Midland)

92.     Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

93.     In response to paragraph 93 of the Complaint, Experian admits that Plaintiff asserts a cause of action for willfully violating the FCRA, 15 U.S.C. § 1681

et seq.  Experian states that this cause of action relates wholly to another Defendant.  To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

94.    In response to paragraph 94 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 94 inconsistent therewith.

95.    In response to paragraph 95 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 95 inconsistent therewith.

96.    In response to paragraph 96 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 96 inconsistent therewith.

97.    Paragraph 97 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

98.     Paragraph 98 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

99.     Paragraph 99 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

100.    In response to paragraph 100 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

101.    Paragraph 101 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

102.    Paragraph 102 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Midland)

103.   Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

104.   In response to paragraph 104  of the Complaint, Experian admits that Plaintiff asserts a cause of action for negligently violating the FCRA, 15 U.S.C. § 1681 et seq.  Experian states that this cause of action relates wholly to another Defendant.  To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

105.   In response to paragraph 105 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 105 inconsistent therewith.

106.   In response to paragraph 106 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 106 inconsistent therewith.

107.    In response to paragraph 107 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 107 inconsistent therewith.

108.    Paragraph 108 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

109.    Paragraph 109 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110.    Paragraph 110 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

111.    Paragraph 111 the Complaint relates wholly to another Defendant.  To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

112.    In response to paragraph 112 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 112 inconsistent therewith.

113.    Paragraph 113 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

114.    In response to paragraph 114 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

115.    Paragraph 115 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION
### (Violation of the FDCPA as to Midland)

116.    Experian incorporates its responses to paragraphs 1 through 48 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

117.    Paragraph 117 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

118.    In response to paragraph 118 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

119.    Paragraph 119 of the Complaint relates wholly to another Defendant. To the extent a response from Experian is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

120.    In response to paragraph 120 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO DEMAND FOR JURY TRIAL

121.    Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Immunity)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE
**(Laches)**

The Complaint and each claim for relief therein are barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE
**(Contributory/Comparative Fault)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper. Plaintiff's claims for exemplary or punitive damages violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

### TWELFTH AFFIRMATIVE DEFENSE
### (Intervening Causes)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:          January 20, 2023          Respectfully submitted,


/s/ Monique Eloi
Monique Eloi
Florida Bar No. 1025828
Email: meloi@jonesday.com
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9797

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Monique Eloi*
Monique Eloi
